J. A03033/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

RICHARD RAYMOND AND KHRISTIAN : IN THE SUPERIOR COURT OF
GREYTOCK, : PENNSYLVANIA
                      Appellants :
                      :
            v. :
                      :
CRAIG KROUSE :
                      :
                      : No. 963 MDA 2016

Appeal from the Order Entered June 1, 2016
In the Court of Common Pleas of Schuylkill County
Civil Division at No(s): S-31-2014

BEFORE: LAZARUS, J., STABILE, J., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.:            **FILED JANUARY 13, 2017**

Appellants, Richard Raymond and Khristian Greytock, appeal from the June 1, 2016 Order sustaining Appellee Craig Krouse's Preliminary Objections and dismissing Appellants' Complaint with prejudice. Because Appellants have not provided, in the official record, a copy of the notes of testimony, we do not have the necessary information to conduct a review. As a result, Appellants have waived all issues. Therefore, we affirm.

The instant case arises out of a May 30, 2012, motor vehicle accident. Appellants filed a Complaint against Appellee on January 9, 2014, but failed to take any steps to serve Appellee with a copy of the Complaint. Appellee was not served until December 8, 2015, 23 months after the Complaint was filed and 19 months after the statute of limitations had expired.

Appellee promptly filed Preliminary Objections to the Complaint raising, *inter alia*, Appellants' long and unexcused delay in serving the Complaint. In response, Appellants filed an amended Complaint and Appellee in turn filed Preliminary Objections to the amended Complaint, again raising an objection to the delay in service.

The trial court held an evidentiary hearing on the preliminary objections on April 21, 2016. On June 1, 2016, the trial court filed an Order and Opinion sustaining the Preliminary Objections and dismissing Appellants' complaint with prejudice. Appellants filed a Motion for reconsideration, which was not entertained by the trial court. Appellants timely appealed.

On appeal, Appellants raise four allegations of error, one of which Appellee avers was not preserved in the trial court below. The other allegations of error include factual averments, *e.g.*, that Appellee's counsel conducted "extensive discovery" prior to service. Appellant's Brief at 6. A review of those issues and their preservation requires a review of the notes of testimony.

Case law and the Pennsylvania Rules of Appellate Procedure clearly mandate the inclusion of all relevant documents, including the notes of testimony, in the official certified record. Pa.R.A.P. 1911 addresses the mandatory request for transcript. Pa.R.A.P. 1921 specifically includes the transcripts of any proceedings as a part of the official record. There are numerous cases stating it is the appellant's responsibility to provide the

appellate court with a complete record for review. *See Cade v. McDaniel*, 679 A.2d 1266 (Pa. Super. 1996); *Spino v. John S. Tilley Ladder Co.*, 671 A.2d 726 (Pa. Super. 1996); *Smith v. Smith*, 637 A.2d 622 (Pa. Super. 1993). Further, the failure of the appellant to ensure the original record contains sufficient information to conduct a proper review may constitute waiver of the issues. *Kessler v. Broder*, 851 A.2d 944, 950 (Pa. Super. 2004).

The official record provided to this Court contains no transcript of, or reference to, the notes of testimony.[1] It was Appellants' duty to make sure the notes of testimony were transcribed and included in the official record. Because the notes were not included in the certified record, we cannot review the claims. Accordingly, the claims are waived.

Order affirmed.

---

[1] In addition, Appellants have included documentary evidence—including subpoenas and a fax receipt—in the reproduced record and cite to those documents in support of their averments. For example, the subpoenas allegedly issued by Appellee's counsel form the basis for Appellants' averment that Appellee waived his objection to service by participating in litigation. It is unclear, however, whether Appellants presented these documents to the trial court, and they appear nowhere in the official record. Moreover, as far as appellate review is concerned, any document which is not part of the official certified record is considered to be non-existent and the failure to include the relevant documents may not be remedied by inclusion in the reproduced record. *Eichman v. McKeon*, 824 A.2d 305, 316 (Pa. Super. 2003).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2017